AMIN TALATI WASSERMAN, LLP
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
Richard L. Hyde, Bar No. 286023
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:   (213) 933-2330
Fax:  (312) 884-7352
william@amintalati.com
matt@amintalati.com
richard@amintalati.com

Attorneys for Defendant Glanbia Performance Nutrition (NA), Inc.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY LAMONS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLANBIA PERFORMANCE NUTRITION (NA), INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT GLANBIA PERFORMANCE NUTRITION (NA), INC.'s NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332(d)**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Glanbia Performance Nutrition (NA), Inc. ("Defendant"), hereby removes this action from the Superior Court for the State of California for the County of Riverside to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1332(a) and (d), § 1453, § 1441, and § 1446. Defendant hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

### STATEMENT OF THE CASE AND TIMELINESS OF REMOVAL

1. On February 27, 2023, Plaintiff Kerry Lamons ("Plaintiff") commenced an action against Defendant in the Superior Court of the State of California for the County of Riverside, Case Number CVRI2300961, by filing a Complaint entitled "*Kerry Lamons, on behalf of herself and all others similarly situated v. Glanbia Performance Nutrition (NA), Inc., d/b/a Optimum Nutrition and BSN and DOES 1 through 100, inclusive.*"

2. Service of process of the Complaint and Summons took place on Defendant on March 17, 2023, and no earlier. True and correct copies of the Complaint and Summons are attached respectively hereto as Exhibits 1-2.

3. In her Complaint, Plaintiff alleges that Defendant misrepresents and/or omits the calories per serving on the labeling of "several dozen SKUs" of nutritional powders containing branched-chain amino acids, marketed under the brand names BSN and Optimum Nutrition, which the Complaint defines collectively as the "Product." (*See* Complaint ("Compl."), ¶ 2.) Plaintiff seeks, among other things, to certify a putative class that purports to include "[a]ll persons who are current or former users of the Product and other Products in the line of BCAA Products in the past four years." (*Id.* ¶ 29.) Plaintiff alleges "[t]he Proposed Class consists of tens of thousands of consumers who have purchased the Product[.]" (*Id.* ¶ 33.)

4. The Complaint asserts claims against Defendant for breach of express warranty, breach of implied warranty of merchantability, fraud, violation of California's

False Advertising Law, Cal. Bus. & Prof. Code § 17500, violation of California's Song-Beverly Consumer Warranty Act (express warranty and implied warranty), Cal. Civ. Code §§ 1790-1795.8, violation of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785, violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., and unjust enrichment.

5. This removal is timely as required by 28 U.S.C. § 1446(b), as it is brought within thirty (30) days of March 17, 2023.

## SUBJECT MATTER JURISDICTION

6. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1441, and 1453. This Court specifically has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because this action is a civil action styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) any member of the class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B) and (d)(6).

## PLAINTIFF'S CLASS IS STYLED AS A PUTATIVE CLASS ACTION WITH A PROPOSED CLASS OF NOT LESS THAN 100 MEMBERS

7. The Court has CAFA jurisdiction because this lawsuit is a putative class action, and the proposed class comprises more than 100 individuals. (Compl., ¶¶ 1, 33.)

8. CAFA jurisdiction exists over any "class action" brought under any "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.[.]" 28 U.S.C. § 1332(d)(1)(B). This case constitutes a "class action" for purposes of removal because Plaintiff styles her complaint as a "Class Action." (Compl. caption.) Plaintiff alleges that "[a] class action is superior to other available methods for the fair and efficient adjudication of this controversy[.]" (Compl. ¶ 37.) She also alleges that she brings the lawsuit pursuant to California Code of

Civil Procedure § 382. Thus, this action qualifies as a class action under CAFA.

9. CAFA jurisdiction exists unless "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines class members as the persons, named or unnamed, who fall within the definition of the proposed or certified class in a class action. 28 U.S.C. § 1332(d)(1)(D). This requirement is met here because Plaintiff alleges that the purported class "consists of tens of thousands of consumers." (Compl. ¶ 33.) Thus, on the face of the pleadings there are more than 100 members in Plaintiff's proposed class.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

10. Under CAFA, "the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

11. Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the amount in controversy requirement under CAFA should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly . . . .").

12. In *Dart Cherokee Basin Operating Company, LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547 (2014), the Supreme Court held that where a plaintiff's complaint is silent as to whether the amount in controversy is less than CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Following *Dart*, the Ninth

Circuit confirmed that "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements," and further that "when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (citations and internal quotation marks omitted); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). No antiremoval presumption attends cases invoking CAFA because Congress enacted CAFA to facilitate adjudication of certain class actions in federal court. *Adams v. Toys 'R' US – Delaware, Inc.*, 2015 U.S. Dist. LEXIS 11338, at *5-6 (N.D. Cal. Jan. 29, 2015) (citing *Dart*, 574 U.S. at 89). On the contrary, courts are required to interpret CAFA's provisions broadly in favor of removal. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183-84 (9th Cir. 2015).

13. "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.,* 692 Fed. Appx. 806, 807 (9th Cir. 2017). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

14. In *Chavez v. JPMorgan Chase*, 888 F.3d 413, 414-15 (9th Cir. 2018), the Ninth Circuit held that "the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." The amount in controversy may include "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)). "[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th

Cir. 2018)).

15. As discussed above, Plaintiff brings this action on behalf of a purported class of consumers who used any of the BSN or Optimum Nutrition powders containing branched-chain amino acids, which Plaintiff alleges includes dozens of SKUs, within the four-year period preceding the filing of the Complaint. (Compl. ¶¶ 2, 29.) Plaintiff asserts causes of action under the UCL, FAL, CLRA, and the Song-Beverly Consumer Warranty Act, as well as other claims under California common law. Plaintiff seeks damages, punitive damages, restitution, injunctive relief, and attorneys' fees. (*Id.,* pg. 35.) Plaintiff alleges that the putative class members are entitled to recover "the purchase price of the Product." (*Id.* ¶¶ 73, 103, 117.)

16. While Defendant contests any liability on Plaintiff's claims, Plaintiff's class claims place in controversy an amount more than $5,000,000. During the four-year period preceding the filing of the Complaint, Defendant had within California substantially more than $5,000,000 in sales of the Product as defined in the Complaint. As noted, the Complaint seeks to recover the "purchase price" for the class members. Defendant may assume a recovery rate of 100% in calculating the amount in controversy. *See, e.g., Ritenour v. Carrington Mortgage Servs. LLC*, 228 F.Supp.3d 1025, 1030 (C.D. Cal. 2017). Thus, the amount-in-controversy threshold is met by the claims for compensatory damages alone. But Plaintiff also seeks punitive damages on behalf of the putative class. (Compl. ¶ 81.) It is reasonable to assume a punitive damages-to-compensatory damages ratio of 1:1 or higher is at stake. *Greene v. Harley Davidson*, 965 F.3d 767, 772 (9th Cir. 2020).

17. In addition, Plaintiff and her putative class seek injunctive relief, including "an order enjoining Defendants from selling the Product" as labeled. (Compl. ¶ 80.) The amount in controversy includes "the costs of complying with an injunction." *Fritsch*, 899 F.3d at 793; *accord Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (district court did not err in finding amount in controversy satisfied where potential cost of complying with injunctive relief considered). A court also "must include future

attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794.

18. While Defendant denies it has any liability to Plaintiff or to the putative class and denies that the action will satisfy the requirements for class certification under Fed. R. Civ. P. 23, the amount in controversy is not a merits issue. In light of the damages, restitution, punitive damages, and attorneys' fees sought in the case, and the costs of complying with the requested injunctive relief, the Complaint puts an amount in controversy substantially in excess of $5,000,000, exclusive of interest and costs.

19. Accordingly, this Court has original subject matter jurisdiction pursuant to CAFA.

## CLASS MEMBERS ARE CITIZENS OF DIFFERENT STATES

20. CAFA jurisdiction is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). That requirement is met here. Plaintiff alleges that she is a citizen of California. (Compl., ¶ 17.) Defendant is a corporation organized under the laws of Florida with its principal place of business in Illinois. Defendant is thus a citizen of only Florida and Illinois for minimal diversity purposes. *See* 28 U.S.C. § 1332(c)(1). There is minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

## ALL PROCEDURAL REQUISITES ARE SATISFIED

21. 28 U.S.C. § 1441(a) allows civil actions brought in state court to be removed the district court "embracing the place where such action is pending." The Complaint was filed and currently is pending in the Superior Court of the State of California for the County of Riverside. This District is the proper venue for this action upon removal because it is the District that embraces the county where the state court action was pending.

22. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto as Exhibits 1 -7.

23. Defendant will promptly serve a notice of filing of removal, with a copy of the Notice of Removal annexed thereto, on Plaintiff's attorney and will file such notice

with the Clerk of the Superior Court of the State of California for the County of Riverside.

## CONCLUSION AND DEMAND FOR JURY TRIAL

24.   For the foregoing reasons, Defendant hereby removes this case from the Superior Court of the State of California for the County of Riverside to this United States District Court.

25.   Defendant hereby demands a jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues subject to a jury trial raised in the Complaint.

Dated: April 14, 2023              **AMIN TALATI WASSERMAN, LLP**

/s/ *William P. Cole*
William P. Cole

*Attorneys for Defendant Glanbia Performance Nutrition (NA), Inc.*